McCALLA, District Judge,
dissenting.
I respectfully disagree with the majority’s conclusion. Based on the framework articulated by this court in Browning v. Levy, 283 F.3d 761, 776 (6th Cir.2002), I believe the district court correctly dismissed Plaintiffs’ claim.
“The doctrine of judicial estoppel bars a party from (1) asserting a position that is contrary to one that the party has asserted under oath in a prior proceeding, where (2) the prior court adopted the contrary position either as a preliminary matter or as part of a final disposition.” Id. (citing Teledyne Indus., Inc. v. NLRB, 911 F.2d 1214, 1218 (6th Cir.1990)) (internal citations omitted). In Browning, this court adopted the approach employed by the Fifth Circuit in In re Coastal Plains, Inc., 179 F.3d 197 (5th Cir.1999), to identify those “circumstances under which a debt- or’s failure to disclose a cause of action in a bankruptcy proceeding might be inadvertent,” such that judicial estoppel would be inapplicable. Browning, 283 F.3d at 776. Specifically, this Court reasoned that situations where the debtor either (1) lacks knowledge of the factual basis for the undisclosed claims, or (2) has no motive for concealment ought to fall outside the scope of the judicial estoppel doctrine. Id.
Similar to the plaintiffs in Browning, Plaintiffs in this case were well-aware of *900 the factual basis for the undisclosed claims; therefore, the only manner in which Plaintiffs can avoid judicial estoppel is to show that they had no motive for concealment. One factor courts within this Circuit have considered when ascertaining a debtor’s motive to conceal is to inquire whether the debtor would enjoy a windfall as a result of the belated filing. See, e.g., id. (“[Plaintiff] will thus receive no windfall as a result of its failure to disclose its claims, because only Nationwide’s creditors will receive the distribution of any recovery... This lack of motive for concealment leads to the conclusion that [Plaintiffs] failure to disclose was, without any evidence to the contrary, inadvertent.”); McClain v. Coverdell & Co., 272 F.Supp.2d 631, 641-42 (E.D.Mich.2003) (finding judicial estoppel inapplicable because the failure to disclose the account did not result in a windfall given that the amount in question was small enough that it would have qualified as a personal exemption). Contrary to the situation in Browning — where the creditors would have received the distribution of any recovery — the record in this case indicates that Plaintiffs would enjoy a windfall if allowed to pursue their claim against Defendants after the dismissal of their Chapter 7 claim.
Indeed, Plaintiffs themselves confirmed their intention to retain the claim against Defendant as part of their personal property. In a brief filed with the Bankruptcy Court, Plaintiffs asserted that should the court reopen the case and allow the amendment to be filed, the result would be that the claim would become the property of the debtors, rather than the estate, because the Trustee had abandoned the claim. (Pis.’ Brief March 25, 2002 at 4.) This statement unquestionably belies Plaintiffs’ claim of inadvertence.[1] This type of blatant attempt to shield an award from the creditors is precisely the type of condhct that judicial 'estoppel was designed to prevent. As the Fifth Circuit explained:
[T]he rationale for ... decisions [invoking judicial estoppel to prevent a party who failed to disclose a claim in bankruptcy proceedings from asserting that claim after emerging from bankruptcy] is that the integrity of the bankruptcy system, depends on full and honest disclosure by debtors of all of their assets. The courts will not permit a debtor to obtain relief from the bankruptcy court by representing that no claims exist and then subsequently to assert those claims for his own benefit in a separate proceeding.
In re Coastal Plains, Inc., 179 F.3d at 208 (citing Rosenshein v. Kleban, 918 F.Supp. 98, 104 (S.D.N.Y.1996)) (emphasis in original).
In this case, not only did Plaintiffs attempt to benefit from their alleged omission by depriving their creditors of the benefit of any claim against Defendant, but also they allowed the Bankruptcy Court to rely on the representation of the Trustee that no property was available for distribution. Plaintiffs never appealed the final decree of the Bankruptcy Court denying their request for a hearing as moot or attempted to reopen the case — as they did with the claims against Mr. Eubanks’ employer. Instead, they silently waited on the sidelines for the Bankruptcy Court to discharge their debt, before pursuing their claim in state court.
*901 Contrary to the majority, I believe that Plaintiffs’ actions indicate that the failure to include the claims against Defendants in the bankruptcy schedule was not mere inadvertence or mistake as required under Browning. Therefore, I would affirm the district court’s decision dismissing Plaintiffs’ claim as barred by judicial estoppel.

. During oral argument, Plaintiffs’ counsel vigorously represented to the panel that her repeated failures to include the claim against Defendant in the appropriate bankruptcy schedule were all inadvertent.